VAN ALSTINE v. HUBBELL et al.

(Supreme Court, Appellate Division, Third Department.   March 8, 1916.)

1. VENDOR AND PURCHASER ☞231—RECORD—EFFECT.
   Where plaintiff's mortgage on land was recorded in the clerk's office of the county where it was situated when defendant's deed from the owner was made and recorded, defendant took title and made payments on account of the premises at her own risk, and not at plaintiff's.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. ☞231.]

2. MORTGAGES ☞274—TRANSFER OF PROPERTY—RIGHTS OF PURCHASER.
   The rights of one who purchased mortgaged land from the owner with constructive notice of the mortgage through its recordation were not increased by the subsequent granting of a satisfaction piece by the mortgagee, induced by fraudulent representations on the part of the owner.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 718–724, 728; Dec. Dig. ☞274.]

Appeal from Special Term, Sullivan County.

Action to foreclose a mortgage by Philip Van Alstine against Eleanor M. Hubbell and others.   From a judgment setting aside a satisfaction piece, defendant Jennie E. Mathews appeals.   Judgment affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

John D. Lyons, of Monticello, for appellant.
Hamilton R. Squier, of New York City, for respondent.

WOODWARD, J.   Eleanor M. Hubbell made, executed, and delivered her bond and mortgage upon certain premises in Sullivan county on the 17th day of June, 1910, to the plaintiff, and the present action is brought to foreclose such mortgage.   On the 29th day of March, 1912, the plaintiff delivered a satisfaction piece for said mortgage to the defendant Eleanor M. Hubbell, who gave her promissory note in connection with the transaction, though it appears that said note was never paid.   On the 18th day of January, 1912, prior to the giving of the satisfaction piece, Eleanor M. Hubbell made and delivered a deed of the premises involved in this litigation to her aunt, the defendant appellant, Jennie E. Mathews, such deed having been recorded on the 19th day of January, 1912.   This deed is alleged to have been given in consideration of an indebtedness of $2,000 due to the said aunt, Jennie E. Mathews, and the latter subsequently paid off certain liens upon the premises.   The complaint alleges that the satisfaction piece, delivered to Eleanor M. Hubbell, was procured from the plaintiff through deceit and fraud, and a jury impaneled by the court has found in favor of the plaintiff upon this issue, and the judgment of the court grants foreclosure, holding the satisfaction piece null and void by reason of such fraud.   The result is that the plaintiff has judgment of foreclosure, and the defendant Jennie E. Mathews holds the title subject to the mortgage and the judgment

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of foreclosure. The defendant Jennie E. Mathews appeals from the judgment.

[1, 2] We are of the opinion that the verdict of the jury and the decision of the court is fully justified by the evidence; that the defendant Jennie E. Mathews took no rights superior to those of the plaintiff, but in subordination to his rights. At the time the deed was made and recorded the plaintiff's mortgage was on record in the clerk's office of Sullivan county, and if she took title and made payments on account of the premises she did so at her own risk, not at the risk of the plaintiff. The subsequent granting of a satisfaction piece, induced by fraudulent representations on the part of the defendant Hubbell, could not operate to increase the rights of the defendant Jennie E. Mathews, and no one else appeals from the judgment.

The judgment appealed from should be affirmed, with costs. All concur.